# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7714 | **DATE** | 5/13/2003 |
| **CASE TITLE** | | Berrum vs. USA | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the attached Memorandum Opinion and Order, the Court grants the government's motion for summary judgment (18-1). Judgment is entered in favor of the defendant. The parties are to bear their own costs.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | | Document Number |
|---|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | | |
| | No notices required. | | | number of notices | | |
| | Notices mailed by judge's staff. | | | | | |
| | Notified counsel by telephone. | | MAY 19 2003 | date docketed | | 23 |
| ✓ | Docketing to mail notices. | | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | | | | |
| OR | courtroom deputy's initials | | | date mailed notice | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSÉ BERRUM,                          )
                                       )
    Plaintiff,                     )
                                       )
v.                                     )   Case No. 02 C 7714   **DOCKETED**
                                       )
UNITED STATES OF AMERICA,             )   MAY 1 9 2003
                                       )
    Defendant.                     )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

    Plaintiff José Berrum, a federal prisoner, has brought this *pro se* civil rights action, claiming that the United States government, through the United States Attorney's Office and the Drug Enforcement Administration, violated his constitutional rights by denying him due process in civil forfeiture proceedings. More specifically, Berrum alleges that the government failed to provide proper notice that it intended to seize his property (two parcels of real estate, $10,000 in currency, and several motor vehicles). This matter is before the Court for consideration of the government's motion for summary judgment. For the reasons set forth in this order, the motion is granted.

    Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining whether genuine factual issues exist, a court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party, in this case Berrum.

*Walker v. Northeast Regional Commuter Railroad Corp.*, 225 F.3d 895, 897 (7th Cir. 2000). However, Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 393 (7th Cir. 1997).

## Facts

The government has filed a Local Rule 56.1 Statement of Uncontested Facts, re-summarized as "Background" in the government's memorandum of law in support of its motion for summary judgment. Together with its summary judgment motion, it served on Berrum the required notice under Local Rule 56.2, advising Berrum what he needed to do to contest the motion, and specifically what he needed to do to dispute the government's statement of uncontested facts. Despite this, Berrum has not submitted a statement of contested facts; to the contrary, he conceded in his opposing brief that he "does not object to the background as stated by Defendant." (Plaintiff's response at p. 1.) The Court therefore finds that following facts are undisputed for purposes of this motion.

On June 11, 1999, Chicago Heights police officers and agents of the federal Drug Enforcement Administration arrested Berrum for drug trafficking. (Government's Exhibit 1, Criminal Complaint, *United States v. Berrum, et al.*, Case No. 99 CR 432 (N.D. Ill.) The arrest took place after Berrum sold cocaine to an undercover government agent at his residence located at 2935 Commercial Avenue in South Chicago Heights, Illinois. (*Id.; see also* Affidavit of Special Agent Craig Grywalsky attached to Criminal Complaint.) Berrum was charged with three

2

felony drug charges. (Government's Exhibit 2, Indictment.) The indictment asserted that Berrum's residence at 2935 Commercial Avenue was subject to forfeiture because it was property used to commit or facilitate the drug offenses. (*Id.*, p. 4, ¶ 3(a).)

On March 16, 2000, Berrum entered into a plea agreement and voluntarily pled guilty to one charge of possession of a controlled substance with intent to deliver. (Government's Exhibit 3, Plea Agreement at ¶¶ 4-5; Government's Exhibit 4, Judgment in a Criminal Case, No. 99 CR 432, (Bucklo, J.)). In his plea agreement, Berrum specifically conceded that his residence at 2935 Commercial Avenue was subject to forfeiture. (Plea Agreement, ¶¶ 14-17.) Berrum and his defense attorney both signed the plea agreement. (*Id.*, p. 15.) Judge Elaine Bucklo approved the plea agreement, and on September 20, 2000, she entered a final order stating that Berrum had forfeited his interest in 2935 Commercial Avenue. (Government's Exhibit 5, Final Order of Forfeiture.)

The government filed a separate civil action seeking forfeiture of two additional parcels of real estate in which Berrum had an ownership interest: 120 Crystal Court in Steger, Illinois, and 3042 Helfred Avenue in South Chicago Heights, Illinois. (Government's Exhibit 6, Verified Complaint for Forfeiture, *United States v. Real Property Known as 120 Crystal Court, Steger, Illinois, et al.*, Case No. 99 C 4189 (N.D. Ill.).) In his plea agreement in the criminal case, Berrum had specifically agreed to forfeit those properties, stating that he "relinquishe[d] all right, title, and interest he may have in these properties and further agree[d] to the entry of a civil judgment against him, extinguishing any interest or claim he may have had in the properties subject to forfeiture." (Plea Agreement, ¶ 18.)

The government negotiated a settlement with relatives of Berrum who claimed an ownership interest in the two additional properties. Under that agreement, the property at 120

3

Crystal Court was forfeited to the United States, but the government dropped any claims against 3042 Helfred Avenue. (Government's Exhibit 7, Decree of Forfeiture entered September 14, 2000 (Marovich, J.).)

At the time of Berrum's arrest, law enforcement officers seized $10,000 in United States currency. (Government's Exhibit 8, Defendant's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(e), filed in *United States of America v. Berrum*, Case No. 01 C 4384 (N.D. Ill.) at ¶ 2(k).) In Case No. 01 C 4384, a prior civil action assigned to Judge William T. Hart, Berrum attacked the forfeiture of the currency (among other things), contending that he never received notice of the administrative forfeiture proceedings. However, the government demonstrated that notice was sent by certified mail to: (1) Berrum at the Metropolitan Correctional Center, where he was being held at the time of the administrative forfeiture proceedings; (2) Berrum's criminal defense attorney; and (3) three residences in which Berrum had an ownership interest. (Government's Group Exhibit 12, Status Report and supporting documentation filed in Case No. 01 C 4384.) The government also showed that the DEA had published notice of its intent to forfeit the funds in the *USA Today* newspaper on August 9 and August 18, 1999. (*Id.*) Notwithstanding Berrum's steadfast insistence that he had never received any of the notices, Judge Hart issued a Memorandum Opinion and Order concluding that the government had "complied with due process by providing adequate notice of [the administrative forfeiture] proceedings" and that "Berrum is not entitled to return of the cash." (Government's Exhibit 15, Memorandum Opinion and Order entered April 8, 2003, in Case No. 01 C 4384 (Hart, J.), at p. 3.)

The government likewise seized a 1998 Dodge Intrepid automobile bearing the vehicle identification number 2B3HD5617WH157485. (Government's Exhibit 16, Declaration of Tanya Sluder, United States Attorney's Office.) Although the car was seized from Lydia Mendoza-

4

Gomez and registered to Robert Murillo, the government attempted to notify Berrum that it had initiated forfeiture proceedings. (*Id.*, ¶¶ 6-9.) The notification was sent by registered mail to the five addresses noted above; furthermore, the government provided notice by newspaper publication on three dates. (*Id.*) On December 27, 1999, the DEA declared the automobile forfeited pursuant to 21 U.S.C. § 881 because no one had filed a claim or bond for the car. (*Id.*, ¶ 10.)

The government seized two additional vehicles owned by Berrum (a 1997 Ford F-150 pickup truck, vehicle identification number 1FTDXZ0760VKC89030, and a 1998 Ford Windstar, vehicle identification number 2FMZA5145WBC54339) in the same manner. (*Id.*, ¶¶ 11-22.) Notice was sent to Berrum at multiple addresses, including the facility where he was being held at the time, and notification was also made by newspaper publication. (*Id.*) The DEA declared both the pickup truck and minivan forfeited on November 18, 1999, in the absence of any claims or bonds filed for the vehicles. (*Id.*, ¶¶ 17, 26.)

Neither Berrum nor the government has provided any record showing that the DEA or any other investigating agency either seized or forfeited a 1994 Subaru automobile belonging to Berrum. (*Id.*, ¶ 19.) Nor has Berrum submitted any evidence that a 1998 Astro van was confiscated. (*Id.*, ¶ 20.)

During the summer of 1999, while Berrum was incarcerated at the Metropolitan Correctional Center, that facility had procedures in place to ensure delivery of certified mail to inmates. (Government's Exhibit 17, Declaration of Robert Martinez, ¶ 2.) Under these procedures, an MCC mail room officer would pick up mail at the post office every day by 9:30 a.m. (*Id.*, ¶ 3.) The officer would sign for any certified or registered mail. (*Id.*) The mail was screened for contraband; then any mail requiring a signature to confirm delivery, such as certified

5

mail, was recorded in a log maintained in the mail room. (*Id.*, ¶ 4.) Counselors would then collect the mail for inmates in their respective units. (*Id.*, ¶ 5.) When the mail was delivered to the inmates, the inmate had to sign the log book confirming receipt of the certified mail. (*Id.*) Neither party has submitted a copy of MCC's certified mail log for the relevant time period.

## Discussion

**A.    Forfeiture of 2935 Commercial Avenue, South Chicago Heights, Illinois**

Berrum cannot recover damages for the forfeiture of his property at 2935 Commercial Avenue in South Chicago Heights. He was represented by counsel during his criminal prosecution and specifically stipulated in his plea agreement that the residence was subject to forfeiture. (*See* Plea Agreement, Exhibit 4, at ¶¶ 14-17.)[1] Berrum cannot reasonably argue that he was denied adequate notice when he personally signed the plea agreement agreeing to the forfeiture, embodied in the final order entered in his criminal case on September 20, 2000. Berrum knowingly and voluntarily entered into the plea agreement, giving up certain rights–including any interest in the two parcels of real estate that are the subject of this lawsuit–in exchange for dismissal of two of the criminal charges. Consequently, he has given up any right to challenge the forfeiture of that property. *Accord, e.g., Libretti v. United States*, 516 U.S. 29, 50-51 (1995) (upholding the terms of a plea agreement in which property was forfeited).

**B.    120 Crystal Court, Steger, Illinois**

Berrum likewise explicitly relinquished any claim to the property at 120 Crystal Court in Steer, Illinois, in his negotiated plea agreement. Plea Agreement at ¶18. The government

---

[1]    Berrum suggests that his attorney did not adequately explain this aspect of the Plea Agreement, but he does not support this with any evidence, and in any event he cannot collaterally attack the Plea Agreement here.

eventually settled with Berrum's relatives who claimed ownership interests in that property and another parcel of land; the property at 120 Crystal Court was forfeited and the government dropped its claims against 3042 Helfred Avenue. *See* Government's Exhibit 7, Decree of Forfeiture entered in Case No. 99 C 4189. Berrum cannot challenge the confiscation of his property when he expressly relinquished any right to that property in his plea agreement.

## C. $10,000 in United States Currency

Berrum has already challenged the forfeiture of the $10,000 in United States currency in another lawsuit; he cannot relitigate that claim. In the context of Berrum's previously filed motion for the return of property, Judge Hart ruled that the government had complied with the requirements of due process by providing proper notice of the forfeiture proceedings and that Berrum was not entitled to have the money returned to him. *See Berrum v. United States*, No. 01 C 4384, 2003 WL 1869248, *1 (N.D. Ill. Apr. 9, 2003) (Hart, J.). The doctrine of *res judicata* bars relitigation of a claim for relief decided on the merits in a previous suit involving the same parties or their privies. *See, e.g., Simon v. Allstate Employee Group Medical Plan*, 263 F.3d 656, 658 (7th Cir. 2001). Berrum cannot resuscitate that claim simply by recasting it as a *Bivens* action. If he wishes to challenge Judge Hart's ruling, he must appeal that ruling.

## D. The Seized Vehicles

The same reasoning that governed Judge Hart's decision in Berrum's earlier case dictates the same conclusion in this case. The government sent notices to Berrum by certified mail at five different locations: the Metropolitan Correctional Center, where Berrum was confined at the time of the challenged forfeiture proceedings; his three residences; and in care of his attorney. In addition, the government published notification in the *USA Today* newspaper on multiple dates. The DEA even sent notice to Berrum in connection with a vehicle that was neither registered to

7

him nor in his possession. Berrum has provided no evidence that none of those myriad notices actually reached him, but even if they did not, the government's efforts to apprise him of the forfeiture proceedings (at least those sent to Berrum at the MCC) satisfied due process. The government took proper steps that were reasonably calculated to provide Berrum with notice. *See Dusenberry v. United States*, 534 U.S. 161, 172-73 (2002); *Demma v. United States*, No. 95 C 0027, 1995 WL 642831, *4 (N.D. Ill. Oct. 31, 1995) (Gettleman, J.); *Berrum v. United States*, No. 01 C 4384, 2003 WL 1869248, *1 (N.D. Ill. Apr. 9, 2003) (Hart, J.).

It is unfortunate that neither party has submitted copies of MCC's certified mail log, which could establish whether Berrum signed for the notices of forfeiture on the dates in question. However, the government need not prove that Berrum actually received any of the multiple notices. Berrum was not constitutionally entitled to actual notice; rather, due process requires only a reasonable attempt to provide actual notice. *Dusenberry*, 534 U.S. at 170. "[Supreme Court case law] does not say that the State *must provide* actual notice, but that it must *attempt to provide* actual notice." *Id.* (emphasis in original).

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank Trust Co.*, 339 U.S. 306, 314 (1950). If the means of notice employed is "reasonably calculated" to reach a property owner when sent, then due process may be satisfied even if the property owner fails to receive actual notice prior to the forfeiture. *United States v. 51 Pieces of Real Property*, 17 F.3d 1306, 1316 (10th Cir. 1994); *Weigner v. City of New York*, 852 F.2d 646, 649-50 (2nd Cir. 1988).

Notice to an incarcerated person can be problematic. In *Robinson v. Hanrahan*, 409 U.S. 38 (1972), the Court held that notice of forfeiture proceedings against an automobile sent to the registered owner's address as listed in state records did not comport with due process when the state knew the owner of the automobile was in jail at the time the notice was sent. When the government has actual knowledge of an interested party's whereabouts at the time forfeiture is commenced, the government must direct notice to that address. *Dusenberry*, 534 U.S. at 168, *citing Mullane, supra*, 339 U.S. at 315 ("the means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it"). "When the government seeks forfeiture of property of a person who is at the time in government custody, the agency that initiates the forfeiture must find out in what government facility the person is being held and send notice to the right place." *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1162 (2nd Cir. 1994) (Pollack, J., concurring). In this case, the government's effort to provide notice of the forfeitures comported with *Dusenberry*. In *Dusenberry*, the government sent notice to the plaintiff by certified mail at his place of confinement. 534 U.S. at 168-69. The correctional facility where the plaintiff was confined in *Dusenberry* had procedures in place for mail collection and distribution that were very similar to the procedures employed at MCC. *Id.* at 169. The Supreme Court held that the notice satisfied due process.

The same is true here. The DEA took steps that were reasonably calculated to apprise Berrum of the impending forfeitures. The DEA would have had no reason to believe that prison officials who accepted the notice letters on Berrum's behalf would not transmit them to him. *See Demma*, 1995 WL 642831 at *3, *citing Hill v. United States*, 830 F. Supp. 270, 273 (E.D. Pa. 1993). Although the complexities of prison security prevent a mail carrier from delivering certified mail directly to an inmate, correctional officials have a constitutional obligation to

9

forward that mail to the prisoner. *Demma*, 1995 WL 642831 at *3, *citing Wolff v. McDonnell*, 418 U.S. 539, 574-77 (1974). Thus, under the circumstances of this case, neither the United States Attorney's Office nor the DEA can be charged with Berrum's purported failure to actually receive the notice sent to him at the prison.

For purposes of assessing the adequacy of notice, the court has referred throughout this order to "the government" as the agency responsible for sending out and publishing notification of forfeiture. Officials at the MCC, which like the DEA and the United States Attorney's Office is part of the Department of Justice, would have been responsible for ensuring delivery of any notices sent to Berrum there. The court in *Demma* suggested that if the plaintiff who faced forfeiture in that case had been injured as a result of a prison official's failure to deliver his legal mail to him, "he may have a damage claim under *Bivens* against the offending party." *Demma*, 1995 WL 642831, at *4. It seems unlikely, however, that Berrum can now bring suit against officials at the MCC over events that occurred in 1999. There is a two-year statute of limitations for *Bivens* claims arising in Illinois. *See Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996). Berrum therefore appears to have no viable claim against any government agency or official with respect to the alleged lack of notice.

### E.    "Strike" under 28 U.S.C. §1915(g)

As a final matter, the government requests that the court assess a "strike" against Berrum under 28 U.S.C. § 1915(g) for bringing a patently frivolous action. Berrum should have been aware that he could not challenge the forfeiture of property to which he specifically waived his rights in his plea agreement. And his argument regarding the $10,000 is foreclosed by Judge Hart's decision in Berrum's prior civil case. Nevertheless, Berrum filed this lawsuit before Judge Hart rendered his final decision in Case No. 01 C 4384. The Court will therefore grant Berrum the benefit of the doubt and declines to make a finding that this suit was frivolous or malicious. However, Berrum is cautioned that continued relitigation of these matters may result in the imposition of a "strike" and/or other court sanctions.

### Conclusion

For the reasons stated above, the Court grants the government's motion for summary judgment (docket #18). The Clerk is directed to enter judgment in favor of the defendant. The parties are to bear their own costs.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 13, 2003